IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                   CR No. 19-1382-004 KG

CECILIA MARTINEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Cecilia Martinez's *pro se* letter to the Court requesting compassionate release (Motion) (Doc. 131) and the United States' Response to Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Response) (Doc. 135). The Motion is now ripe for disposition. After careful review of Ms. Martinez's Motion, the Response, and the relevant law, the Court dismisses the Motion for lack of jurisdiction.

*I. Background*

On September 19, 2019, Ms. Martinez pled guilty to 2 counts in a 14-count multi-defendant Indictment for conspiracy to distribute 50 grams and more of methamphetamine and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). (Docs. 64, 65). On September 17, 2020, this Court sentenced Ms. Martinez to 40 months imprisonment, followed by three years of supervised release. (Doc. 115) at 3-4. Ms. Martinez is currently serving her sentence at FCI Waseca and is expected to be released from custody in March 2022. *See* (Doc. 135) at 1; (Doc. 131) at 1.

On May 26, 2021, Ms. Martinez filed the instant Motion requesting compassionate release because of hardship stemming from the COVID-19 pandemic. (Doc. 131). In pertinent part, Ms. Martinez explains that her aging parents are the primary caregivers for her six children. *Id.* at 1. Ms. Martinez further explains that her mother's "health is fragile," after undergoing two heart surgeries. *Id.* Given her mother's heart condition and the hardship imposed on her family from the COVID-19 pandemic, Ms. Martinez requests compassionate release to care for her children and parents. *Id.* at 1-2. The United States opposes Ms. Martinez's request for relief. (Doc. 135).

*II. Discussion*

The Tenth Circuit recently endorsed a "three-step test for 'courts considering motions filed under [18 U.S.C.] § 3582(c)(1).'" *See United States v. Maumau*, 2021 WL 1217855, at *7 (10th Cir.) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. McGee*, 2021 WL 1168980, at *5 (10th Cir.) (explaining that "because this three-step test is consistent with the plain language of the statute, we adopt the test for use in this circuit"). Under this test, a district court may grant a motion to reduce sentence if: (1) "extraordinary and compelling reasons warrant such a reduction;" (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) it "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Maumau*, 2021 WL 1217855, at *7. However, the Court need not consider Ms. Martinez's case under this three-step test because she fails to demonstrate compliance with the threshold requirement of administrative exhaustion. *See* 18 U.S.C. 3582(c)(1)(A) (explaining that court may only award compassionate release after petitioner has "fully exhausted all administrative rights").

To effectively exhaust under Section 3582, a petitioner must make an initial request for compassionate release under 28 C.F.R. § 571.61 and appeal a denial pursuant to § 571.63. *See* 18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60-571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)). Specifically, after an initial denial by the warden, a petitioner "may appeal ... through the Administrative Remedy Procedure," set forth in 28 C.F.R. § 542(B). 28 C.F.R. § 571.63(a). Only after the petitioner's request is denied by the General Counsel or the Director of the BOP does the denial "constitute[] a final administrative decision." 28 C.F.R. § 571.63(b)-(c); *see also* 28 C.F.R. § 542.15(a) (explaining appeal first heard by Regional Director and then General Counsel). Alternatively, if thirty days lapse from receipt of the request by the warden with no response, a district court is empowered to consider the Section 3582(c)(1)(A) motion. 18 U.S.C. § 3582(c)(1)(A).

Here, Ms. Martinez does not indicate that she petitioned the Warden for relief before filing her Motion with the Court. *See* (Doc. 131). In addition, the United States asserts that it requested proof of Ms. Martinez's administrative exhaustion from the BOP, but it has not received any evidence responsive to its request. *See* (Doc. 135) at 2. Consequently, Ms. Martinez has not presented any evidence that she properly exhausted her administrative remedies before filing for relief with this Court. Therefore, the Court concludes that it lacks jurisdiction to consider the merits of Ms. Martinez's Motion requesting compassionate release.

The Court's conclusion is consistent with that proffered by the other district courts within the District of New Mexico. *See e.g.*, *United States v. Lovelace*, 2020 WL 2849482, at *2 (D.N.M.) (Brack, J.) (concluding that exhaustion requirement is jurisdictional); *United States v. Blackstock*, 471 F.Supp. 3d 1175, 1177 n.3 (D.N.M. 2020) (Johnson, J.) (same); *United States v. Heywood*, 2020 WL 4904050, at *2 n.3 (D.N.M.) (Parker, J.) (concluding that court has

jurisdiction because defendant exhausted administrative remedies); *United States v. Martinez*, 2020 WL 7447513, at *3 (D.N.M.) (Vazquez, J.) (same); *United States v. Gonzales*, 2021 WL 2210647, at *26-27 (D.N.M.) (Browning, J.) (same). Only on rare occasion have judges in this district departed from the consensus that a petitioner must administratively exhaust before they are entitled to judicial relief. *See e.g.*, *United States v. Lopez*, 487 F.Supp. 3d 1156, 1159 (D.N.M. 2020) (concluding that exhaustion "is straightforward: because [defendant] is not in federal custody, he is unable to apply for compassionate release through the BOP's normal administrative process"); *United States v. Metts*, 2020 WL 6869980, at *2 (D.N.M.) (Johnson, J.) (analyzing claim on the merits because defendant "is ineligible to avail himself of the [administrative] process"). Outside of these exceptions, however, the conclusion is clear: exhaustion is viewed in the District of New Mexico as a jurisdictional prerequisite to compassionate release.

Despite the consistency displayed at the district level, the Tenth Circuit's jurisprudence on exhaustion is not as clear. *Compare United States v. Salcido*, 849 Fed. Appx. 230, 231 (10th Cir. 2021) (remanding for district court to dismiss petitioner's motion for lack of jurisdiction for failure to exhaust) *with United States v. Avalos*, 2021 WL 1921847, at *2, n.2 (10th Cir.) (explaining that "our unpublished decisions only indicate that exhaustion is a mandatory claim-processing rule"). Even so, the Tenth Circuit maintains that it has "not decided whether the exhaustion requirement should be treated as jurisdictional or as a claims-processing rule." *United States v. Akers*, 2021 WL 3508351, at *1 (10th Cir. 2021) (August 10, 2021).

Notwithstanding the Tenth Circuit's jurisprudence on the issue of exhaustion, this Court has consistently concluded that administrative exhaustion is a jurisdictional prerequisite to compassionate release. *See e.g.*, *United States v. Llantada*, 2020 WL 5204283, at *2 (D.N.M.)

4

(Gonzales, J.); *United States v. Hopper*, 2021 WL 826678, at *1 (D.N.M.) (Gonzales, J.); *United States v. Gomez-Vega*, 2021 WL 1339394, at *2 (D.N.M.) (Gonzales, J.). In addition, the United States raised the issue of exhaustion in defense of Ms. Martinez's claim. (Doc. 135) at 2. As a result, even if the Tenth Circuit concludes that exhaustion is a claim-processing rule, the United States' Response triggers invocation of the rule to bar Ms. Martinez's request for relief. *See e.g.*, *United States v. Abdeljawad*, 2020 WL 4016051, at *2 n.1 (D.N.M.) (explaining that "even assuming the requirement is a claims-processing rule … courts are obligated to enforce such rules when raised by the Government" (internal citation omitted)). Under either scenario, therefore, Ms. Martinez's failure to exhaust is fatal to her claim. For these reasons, this Court is precluded from granting Ms. Martinez's Motion for compassionate release.

*III. Conclusion*

In sum, Ms. Martinez failed to submit evidence that she exhausted her administrative remedies before requesting relief before this Court. Consistent with this Court's prior jurisprudence, exhaustion is a jurisdictional prerequisite to relief. Therefore, this Court is not empowered to consider Ms. Martinez's claim on the merits. Consequently, the Court dismisses Ms. Martinez's Motion (Doc. 131) for lack of jurisdiction.

IT IS ORDERED.

UNITED STATES DISTRICT JUDGE